IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,664-01






EX PARTE RAYMOND JOSEPH JARAMILLO, JR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 56256-01-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Jaramillo v. State, 07-08-0148-CR (Tex. App. - Amarillo, March 13, 2009).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and seek evidence to establish that a letter received by Applicant in jail
before trial was written by the complainant. In the letter, the complainant admitted to stabbing
herself and falsely accusing Applicant. Counsel faxed the letter to the DA, who called the
complainant. The complainant denied writing or sending the letter to Applicant. Counsel also
advised Applicant that the police department was going to perform fingerprint tests on the letter. 
Apparently, the letter was given to the State's investigator, who lost the original. 

 At trial, the complainant testified that she did not write the letter and that Applicant stabbed
her, rather than that she stabbed herself as stated in the letter. Applicant now alleges that had counsel
investigated and found a way to authenticate the letter as being in the complainant's handwriting,
the letter could have been used to impeach the trial testimony of the complainant, who was the
State's primary witness, as to who caused the wounds to the complainant. Applicant also alleges that
had the State not lost the original copy of the letter, the defense could have had it examined for
fingerprints to prove that the complainant sent the letter. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state whether he investigated the possibility of a handwriting comparison
to prove that the complainant did in fact write the exculpatory letter to Applicant prior to trial. In
addition, trial counsel shall state whether fingerprint testing was performed by the State before the
original copy of the letter was lost. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings as to whether evidence
proving that the exculpatory letter was written by the complainant would have likely changed the
outcome of the trial. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 13, 2013

Do not publish